IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wagner-Meinert, Inc.,                                    Case No. 3:04CV7026

        Plaintiff,

    v.                                                          ORDER

EDA Controls Corp.,

        Defendant.


    Plaintiff Wagner-Meinert Inc. (Wagner-Meinert) brought suit against EDA Controls Corp. (EDA) for breach of express and implied contract, express and implied indemnification, contribution under O.R.C. § 2307.25, and negligent breach of contract resulting in a duty to indemnify. Jurisdiction exists under 28 U.S.C. § 1332.

    Pending is EDA's motion for judgment on the pleadings.[1] For the following reasons, defendant's motion will be granted.

**Background**

    Wagner-Meinert contracted to design, install, maintain, and manage an ammonia refrigeration system for Frozen Specialties, Inc. (FSI), a producer of frozen foods. As part of its work on the ammonia refrigeration system, Wagner-Meinert entered into a written contract with EDA for the sale and installment of an ammonia detection system.

---

[1] Wagner-Meinert incorporates the contract in its complaint. Accordingly, defendant's motion is properly considered under Rule 12(c) rather than Rule 56.

On January 16, 1999, a fire broke, which caused extensive damage, at FSI. The cause of this fire is unknown. Wagner-Meinert alleges EDA's ammonia detection system failed to detect a release of ammonia. The ammonia allegedly provided secondary fuel for the fire and increased the damage.

FSI was insured by Atlantic Mutual Insurance Company (Atlantic), which paid the loss on the policy and thereby succeeded to FSI's rights. Subsequently, Atlantic brought an action against Wagner-Meinert, *Atlantic Mutual Ins. Co. v. Wagner-Meinert Inc.*, 3:01CV7302, alleging negligence and breach of contract. It later dismissed the negligence claim. A jury found Wagner-Meinert liable for breach of contract and the parties later settled the action.

Wagner-Meinert filed this action in 2004, while Atlantic's suit against it was pending. By agreement of the parties, this court stayed the proceedings pending the outcome of that case. In May, 2005, this court lifted the stay.

## Standard of Review

This court reviews a motion for judgment on the pleadings, Fed. R. Civ. P. 12(c), under the same standard used for a motion to dismiss, Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and determines whether "the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 512.

## Discussion

EDA argues judgment on the pleadings is warranted because: 1) the breach of contract claims are time-barred; 2) an implied contract action is barred because the parties had an express contract; 3) the contract contains no express indemnification agreement; 4) no action for implied

2

indemnification can exist without tort liability; and 5) a contribution claim under O.R.C. § 2307.25 applies only to joint tortfeasors.

## I. Breach of Contract

As an initial matter, Wagner-Meinert attached a copy of the parties' contract  to its complaint. The contract stated the terms for the sale and installation of the ammonia detection system. The complaint centers around this contract, and Wagner-Meinert does not allege any other agreement exists Thus, Wagner-Meinert's complaint pleads an action for a breach of an express contract, not an action for a contract implied at law or fact. *See Lucas v. Costantini*, 13 Ohio App.3d 367, 369 (Ohio 1983).

EDA contends Wagner-Meinert's contract claims are time-barred because an action for breach of a sales contract has a four-year statute of limitations.

In response, Wagner-Meinert argues its claims are timely because the written contract was for a service, which has a fifteen year statute of limitations under O.R.C. § 2305.06.

To determine whether a contract is one for the sale of a good or for a service, a court applies the predominant purpose test. *Allied Erecting & Dismantling Co. v. Auto Bailing Co.*, 69 Ohio App. 3d 502, 508 (1990).  The predominant purpose test determines "'whether the predominant factor and purpose of the contract is the rendition of service, with goods incidentally involved, or whether the contract is for the sale of goods, with labor incidentally involved.'" *Id.* (quoting *Allied Indus. Serv. Corp. v. Kasle Iron & Metals, Inc.*,  62 Ohio App. 2d 144, 147 (1977)).

Construing the complaint in the light most favorable to Wagner-Meinert, the parties' contract is for the sale of a good, the ammonia detection system. While EDA provided a start-up service under the contract, its value, $600, was a small percentage of the total contract price of $13,228. The

3

contract describes this service as a one-day program to "provide on site checkout to insure the system is functioning properly, and train the end user on system operation."(Compl. Ex. A at 2.) Thus, the predominant purpose of the parties' contract was for the sale of the ammonia detection system, not the start-up service. Therefore, the contract is governed by the four-year statute of limitations applicable to sales contracts under O.R.C. § 1302.98.

The parties executed this contract in 1995. At the latest, the alleged breach occurred when the fire broke out in 1999. Wagner-Meinert filed this action in 2004. Thus, Wagner-Meinert's contract claims are time-barred.[2]

## II. Contribution

Wagner-Meinert alleged a claim for contribution under O.R.C. § 2307.25. This statute provides:

> Except as otherwise provided in sections 2307.25 to 2307.28 of the Revised Code, if one or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there may be a right of contribution even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than that tortfeasor's proportionate share of the common liability, and that tortfeasor's total recovery is limited to the amount paid by that tortfeasor in excess of that tortfeasor's proportionate share. No tortfeasor may be compelled to make contribution beyond that tortfeasor's own proportionate share of the common liability. There is no right of contribution in favor of any tortfeasor against whom an intentional tort claim has been alleged and established.

O.R.C. § 2307.25(A).

---

[2]

To the extent Wagner-Meinert alleged breach of warranty claims, these claims are also governed by the same four-year statute of limitations. *Ressallat v. Burglar & Fire Alarms, Inc*., 79 Ohio App. 3d 43, 48 (1992). Thus, any warranty claims would be time-barred.

"[C]ontribution statutes allow only a tortfeasor to make a claim for contribution to the extent that the tortfeasor has paid more than its share of liability." *St. Paul Fire and Marine Ins. Co. v. Cassens Transp. Co.*, 86 Fed. Appx. 869, 872 (6th Cir. 2004) (unpublished disposition).

As EDA points out in its motion, any liability Wagner-Meinert paid to Atlantic in the earlier action was in contract, and not in tort. Therefore, Wagner-Meinert cannot seek contribution for such damages under O.R.C. § 2307.25. Thus, this claim fails as a matter of law.

### III. Indemnity

Wagner-Meinert seeks damages under both express and implied contracts for indemnity.

EDA argues no facts support an action for indemnity under an express contract because the parties' contract did not contain such an indemnity provision or obligation. It further contends no implied contract for indemnity can exist because Wagner-Meinert incurred liability to Atlantic under a breach of contract action, not a negligence action.

Ohio law defines indemnity as arising "from contract, either express or implied, and is the right of a person who has been compelled to pay what another should have paid to require *complete* reimbursement." *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St. 3d 238, 240 (1987) (citing *Travelers Indem. Co. v. Trowbridge*, 41 Ohio St. 2d 11, 13-14 (1975) (rev'd on other grounds)) (emphasis supplied). In an indemnity action, a plaintiff seeks complete reimbursement from the party primarily liable for damages he or she has incurred. *Reynolds v. Physicians Ins. Co. of Ohio*, 68 Ohio St. 3d 14, 16 (1993).

Wagner-Meinert does not allege EDA agreed to indemnify it outside of the parties' contract. The parties' contract, as noted, contains no express indemnification agreement. Accordingly, Wagner-Meinert fails to state an action for indemnity under an express contract.

Thus, the issue is whether Wagner-Meinert can seek damages under an implied contract for indemnity.[3]

In Ohio, "[i]mplied contracts of indemnity are *reserved* for those 'situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other.'" *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St. 3d 391, 394 (1995) (quoting *Reynolds*, 68 Ohio St. 3d at 16 (1993)) (emphasis supplied). Thus, an implied contract for indemnity exists "only within the context of a relationship wherein one party is found to be vicariously liable for the acts of a tortfeasor." *Indiana Ins. Co. v. Barnes*, 2005 WL 3304021, *3 (Ohio Ct. App. 2005) (citations omitted).[4]

The relationship between Wagner-Meinert and EDA is one of contracting parties, not related tortfeasors. Wagner-Meinert was not found vicariously liable for EDA's actions. It paid Atlantic damages after a jury found it breached a contract with FSI.

Wagner-Meinert, moreover, settled with Atlantic. It would be unjust for this court to order EDA to reimburse Wagner-Meinert for the complete amount of damages determined in a settlement agreement. *Reynolds*, 68 Ohio St. 3d at 16. As a final note, the parties could have contracted for indemnity and did not do so. *See*, *Cent. Illinois Pub. Serv. Co. v. Indus. Oil Tank & Line Cleaning*

---

[3]

Plaintiff's cause of action seeking indemnity from EDA's alleged negligent breach of contract is construed as an action for indemnity under an implied contract.

[4]

Examples of relationships in which courts have found implied indemnity contracts are "the wholesaler/retailer, abutting property owner/municipality, independent contractor/employer, and master/servant." *Motorists Mut. Ins. Co.*, 73 Ohio St. 3d at 394 (citation omitted).

*Serv.*, 730 F. Supp. 1498, 1506 (W.D.Mo. 1990).Thus, Wagner-Meinert cannot seek relief under an implied contract for indemnity.

Therefore, Wagner-Meinert's claims for indemnity fail as a matter of law.

### Conclusion

For the foregoing reasons, it is therefore,

ORDERED THAT defendant's motion for judgment on the pleadings is granted.

So ordered.

<u>/s/ James G. Carr</u>
James G. Carr
Chief Judge

7